IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| CELEEA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 5:23-cv-00674-D-RJ |
| SANOFI-AVENTIS U.S. LLC, et al. | ) |
| | ) |
| Defendants. | |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Celeea Williams directly filed her lawsuit in the *In re Taxotere Products Liability Litigation* MDL in the Eastern District of Louisiana in December 2018, alleging that Defendants Sanofi US Services Inc. and sanofi-aventis U.S. LLC (collectively, "Sanofi") failed to warn her prescribing physician that the chemotherapy medication Taxotere carried a risk of permanent hair loss. ECF No. 1 (Short Form Complaint ("SFC")). In October 2023, the Eastern District of Louisiana transferred a few hundred cases, including Ms. Williams's case, to the federal district courts where each plaintiff alleged venue was proper in their Short Form Complaints. *See generally* ECF No. 6 (Transfer Order).

The MDL deadlines for Ms. Williams to amend the allegations in her Short Form Complaint have passed. *Id.* at 76. And now that Ms. Williams's case has been transferred to the Eastern District of North Carolina, Sanofi requests that the Court enter judgment on the pleadings in Sanofi's favor for at least three reasons.

*First*, Ms. Williams's non-fraud, product liability claims are barred by the statute of limitations. North Carolina's three-year statute started running on April 26, 2011—the date on which Ms. Williams pleaded that she sustained her injury: hair loss persisting six months after she

1

completed chemotherapy on October 26, 2010. ECF No. 1 (SFC) at ¶ 10. The three-year limitations period expired on April 26, 2014, but Ms. Williams did not file suit until December 7, 2018—more than four years too late. Because Ms. Williams's claims are facially time-barred, her case can only survive if she pleaded facts establishing that a statutory exception or equitable estoppel principle applies. She did not. North Carolina's "discovery rule" only tolls the statute for latent injuries, and Ms. Williams's injury—permanent hair loss—is not latent. Equitable estoppel also does not apply because Ms. Williams has not (and cannot) allege that Sanofi prevented her from filing her lawsuit within the limitations period.

*Second*, Ms. Williams's fraud claims should be dismissed because she has not alleged sufficient facts under Rule 9(b), and the time for amendment has passed. The MDL court previously ruled that any fraud allegations needed to be "perfected within the short form complaints filed in the individual member cases." ECF No. 6 (Transfer Order) at 75. Ms. Williams never did so, and her claims for fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, and fraud and deceit must accordingly be dismissed.

*Finally*, Ms. Williams's strict liability failure to warn claim should be dismissed for the independent reason that it is not recognized under North Carolina law.

DATED: August 15, 2024

*/s/ Micah L. Hobbs*
Micah L. Hobbs
Shook, Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel: (816) 474-6550
mhobbs@shb.com
Missouri Bar No. 48164

*Attorney for Sanofi US Services Inc. and sanofi-aventis U.S. LLC*

*/s/ Eric Goodheart*
Eric Goodheart (N.C. Bar No. 53476)
DLA Piper LLP (US)
4141 Parklake Avenue, Suite 300
Raleigh, North Carolina 27612-2350
Tel: (919) 786-2000
eric.goodheart@dlapiper.com

*Local Civil Rule 83.1(d) Attorney for Sanofi US Services Inc. and sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2024, I electronically filed the foregoing Motion for Judgment on the Pleadings with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system which will send notification of this filing and an electronic copy of same to all counsel of record registered with the CM/ECF system.

*/s/ Micah L. Hobbs*
Micah L. Hobbs